### PENNA RD CO v BAKER

Ohio Appeals, 9th Dist, Summit Co
No. 1882.   Decided June 8, 1931

A. S. Greenbaum, Akron, for Baker.

FUNK, J.

The three claimed errors for which a reversal of the judgment is asked, are, that plaintiff was guilty of negligence directly and proximately contributing to his injuries, which prevented his recovery of damages; that the verdict was clearly against the weight of the evidence; and misconduct of counsel for plaintiff in his argument to the jury.

First, counsel for defendant contend that plaintiff was guilty of contributory negligence, for the reason that according to a mathematical calculation based on an estimate given by plaintiff as to the speed of his automobile and the estimate of the trainmen as to the speed of the train, the southerly part of the train must have been south of the foot bridge and in sight at the time plaintiff said he stopped, looked and listened and neither saw nor heard anything to indicate an approaching train —from which counsel draw the conclusion that plaintiff either did not stop, look and listen, or did not see what was there to be seen and which he should have seen; and for the further reason that plaintiff did not seem able to tell anything that happened

in the short space of time between when he stopped and looked before he started across the tracks and the time he was hit.

We are inclined to the opinion that mathematical calculations based on estimates, which are in reality only guesses, of the speed of an automobile or a train, are not satisfactory evidence; and while such calculations may be proper argument to a jury, we do not believe, **under the undisputed** physical facts in this case and the great conflict there is concerning other facts claimed by the respective parties, that the calculation, based as it is upon such estimates, is sufficient to warrant a reviewing court in reversing the judgment; neither is the fact that plaintiff did not seem to remember or did not seem able to tell what he saw and heard, if anything, between the time he started across the tracks and the time of the collision.

It must be remembered that there is evidence that plaintiff stopped at the edge of the crossing and looked and listened and neither saw nor heard anything to indicate a train was approaching the crossing, and that if said train was not then through from under and south of said foot bridge at the time plaintiff looked, he could not see the train approaching and the trainmen could not see him.

Considering the record as a whole, and in view of the conflict there is concerning the condition of the weather, the location of the box car and lights ahead of the engine and tender or box car, whether or not the watchman was out on the crossing warning anyone about to cross of the approaching train, and whether or not any part of the train was south of said foot bridge at the time plaintiff stopped and looked and listened, we cannot say that the evidence is such that the trial court erred in overruling the motion for new trial because plaintiff was guilty of such contributory negligence as would defeat a recovery; neither can we say, under the record in this case, that the verdict is against the weight of the evidence.

Moreover, it will be observed that there is no claim of any error in the charge, and indeed the court charged before argument, at the request of counsel for defendant and in the language requested by them, on almost all of the important phases of the case.

Second, counsel for the railroad company claim that a certain statement made by one of counsel for plaintiff in his argument to the jury was highly improper and very prejudicial to defendant. The statement complained of is as follows:

"Now of course there is a variance in the testimony on the point of whether the box car hit him, or the train. Frank Baker says, when he came to his senses after the accident, he looked up and saw a box car very close to his automobile. Henderson says he saw the box car, himself. Now, I say to you, that is the story they tell, and they told it to me the first time like they told it from the witness stand, and I would not change it for anything in the world."

It was, of course, improper for counsel to say that what the witness testified to on the trial was the same as he told counsel the first time he talked with the witness. Counsel in their argument to a jury should carefully guard against such statements. From the remaining part of the argument of counsel for plaintiff, as set forth in the record, the statement complained about was evidently made in his closing argument and after counsel for defendant had made their argument. However, considering it in the connection in which it was said and the record as a whole, and especially in view of the fact that the court specially instructed the jury to disregard such statement by counsel at the time the statement was made, and the fact that the record does not show what, if anything, was said by opposing counsel to call forth such a statement, we do not find that it was prejudicial and reversible error.

Finding the errors complained of not prejudicial, and finding no other reversible error in the record, the judgment is affirmed.

PARDEE, PJ, and WASHBURN, J, concur.